UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY WILLIAMS,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 2:23-cv-1238-LCB-GMB |
| **M. WAYNE GERHARDT,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a report on July 22, 2024, recommending the dismissal of this action without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 5). On August 5, 2024, the Plaintiff filed objections to the Report and Recommendation. (Doc. 6). As noted in the Report and Recommendation, the Plaintiff's claims were untimely filed and the doctrine of res judicata also bars the Plaintiff's claims.

In his objections, the Plaintiff essentially rehashes his complaint and asserts frivolous claims, including a claim that the Department of Justice has committed fraud by listing him under two different names—Anthony DeJuan Williams and Anthony Williams—even though he does not have a middle name. (Doc. 6). However, Williams fails to address the timeliness issue, other than arguing that courts have recognized "the continuing violation doctrine," but he does not explain

how this doctrine applies to his claims.  (Doc. 6).

After careful consideration of the record in this case and the Magistrate Judge's report and the Plaintiff's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation.[1]  Consistent with that recommendation and 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A final judgment will be entered.

**DONE** and **ORDERED** this August 21, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[1] The court acknowledges that in his underlying criminal cases, the Plaintiff was convicted of conspiracy to distribute or possess with intent to distribute heroin and cocaine, use of a communication facility to commit a felony drug trafficking crime, possession with intent to distribute cocaine, and felon in possession of a firearm after a jury trial and that he did not plead guilty.  *See United States v. Anthony DeJuan Williams*, Case No. 2:15-cr-00283-LSC-HNJ, Doc. 495 (N.D. Ala. *filed* Aug. 26, 2015); *United States v. Anthony DeJuan Williams*, Case No. 2:15-cr-00427-LSC-SGC, Doc. 26 (N.D. Ala. *filed* Dec. 28, 2015).  However, the fact that the Plaintiff's conviction was the result of a jury trial rather than a guilty plea does not change the analysis of the claims in this case.